UNITED STATES v. KAUHOE.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1906.)

No. 1,286.

BILLS AND NOTES—CONSIDERATION—EXECUTION.

Defendants, who were liable on a postmaster's bond in the penal sum of $1,000, were called on by a post office inspector to pay an embezzlement of the postmaster amounting to $1,891. Defendants requested an extension of time, and the inspector consented to an extension of 90 days provided defendants would execute their note to the United States for the amount of the default which they did. *Held* that, as the inspector had no authority to extend the time of payment, the note was unauthorized, without consideration, and void.

In Error to the District Court of the United States for the Territory of Hawaii.

This action was brought in the name of the United States against the defendants in error to recover upon a promissory note. The amended complaint alleged in substance that on June 15, 1904, and for a long time prior thereto, one Levi P. Kauhoe, was the postmaster at Kapaa on the island of Kauai in the territory of Hawaii, and that the defendants in error were the sureties on his official bond, the penal sum of which was $1,000 ; that while they were such sureties on the said bond the said postmaster feloniously converted to his own use and embezzled $1,891 of the money of the United States which came into his possession as such postmaster: "that on said 15th day of June, 1904, due demand was made upon said Levi P. Kauhoe and upon the aforesaid sureties upon his aforesaid official bond for the full amount of the aforesaid embezzlement;" that said demand was made by Frank J. Hare, post office inspector of the United States, acting on behalf of the United States; that the defendants in error requested from said post office inspector an extension of time for the period of 90 days within which to pay the $1,891 so demanded; that the inspector consented thereto and thereupon upon June 15, 1904, the said sureties, in consideration of such extension of time for the period of 90 days and the promise of said inspector that the United States would refrain from proceeding against them during said period, and in consideration of their obligation to reimburse the United States "for any losses sustained by the said United States through the acts of the said Levi P. Kauhoe as such postmaster," made and executed their promissory note, whereby they promised to pay to the order of said inspector 90 days after the date the sum of $1,891 "on account of shortage in money order funds at Kapaa post office." The complaint further alleged a demand for payment at the maturity of said note and the refusal of the defendants in error to pay the same. The defendants in error demurred on the ground, among others, that the facts alleged in the amended complaint were not sufficient to constitute a cause of action against them. The court sustained the demurrer and rendered judgment dismissing the complaint.

J. J. Dunne, R. W. Breckons, and Edward E. Cushman, for plaintiff in error.

Wm. R. Daingerfield and Clarence W. Ashford, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The question here presented is whether the complaint states a cause of action against the defendants in error. They were sureties on a postmaster's official bond. Their liability on the bond was limited to $1,000. The postmaster embezzled $1,891 and became liable to the United States in that amount. The post office inspector demanded of the sureties the payment of the full amount so embezzled. They asked for time in which to pay it. He consented to an extension of time for 90 days, and in consideration of such extension of time they executed their promissory note for the full amount so embezzled. Does it follow from these facts that the sureties are liable upon the note? There is nothing in the complaint to indicate that indulgence to the postmaster entered into the transaction or formed any part of the consideration for the note. There is nothing in the complaint to indicate that the sureties voluntarily assumed to pay the full amount of their principal's liability over and above their own liability to the United States. The transaction as set forth in the complaint is purely one between the United States, represented by the inspector, and the sureties. The demand, and the only demand, made upon the latter was for the payment of $1,891, and it was based solely on their liability on the bond. Their liability was limited to $1,000, as the inspector must be presumed to have known. The contract of a surety is to be strictly construed and his responsibility is limited by the terms of his bond. National Surety Co. v. United States, 129 Fed. 70, 63 C. C. A. 512; United States v. Boyd (C. C.) 118 Fed. 89; Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189; United States v. Singer, 82 U. S. 111, 21 L. Ed. 49.

The plaintiff in error attempts to find a consideration for the assumption by the sureties of a liability vastly in excess of that to which they could be lawfully held in the fact that their time to pay was extended 90 days. But that contention is not sustained by the averments of the complaint. The original demand made upon the sureties was not for the payment of the $1,000 in accordance with their contract, but it was for the full amount of the postmaster's indebtedness. According to the complaint it was for the payment of $1,891 that they obtained an extension of time. If the demand had been made for the $1,000, it is not improbable that they could have paid it then and there. But in any view of the transaction as alleged in the complaint it is clear that the post office inspector had no authority to alter the contract of the sureties with the United States. Their contract was to pay $1,000. That sum was due from them, if the averments of the complaint are true, on June 15, 1904. The post office inspector was clothed with no authority to extend the time of

payment or to bind the United States to refrain from immediately enforcing the liability of the sureties. In short, the note was obtained upon an unwarranted assumption of authority by the inspector and upon a wrongful demand. We find neither in the statutes, the regulations of the post office department, nor in the records in this case that authority is conferred upon a post office inspector to bind the government by an agreement to extend the time of payment such as is pleaded in the complaint herein. The government is not bound by the act or declaration of its agent unless it manifestly appears that he acted within the scope of his authority or is employed in his capacity as a public agent to do the act or make the declaration for it. No unauthorized act of his can estop the government from asserting its rights. Whiteside et al. v. United States, 93 U. S. 217, 23 L. Ed. 882; United States v. Pine River Logging & Improvement Co., 89 Fed. 907, 32 C. C. A. 406–412; Lee v. Munroe, 7 Cranch, 366, 3 L. Ed. 373; The Floyd Acceptances, 7 Wall. 666–679, 19 L. Ed. 169; Pine River Logging Co. v. United States, 186 U. S. 279–291, 22 Sup. Ct. 920, 46 L. Ed. 1164.

The execution of the note did not change the relation of the sureties to their obligation on the bond. They remained, as they were before, liable only on the bond and according to the letter of its provisions. The note was unauthorized, without consideration, and void.

The judgment is affirmed.